## 10171

### EX PARTE COLEMAN ET AL.
### PETITION OF WALLACE & BARRON ET AL.

#### (98 S. E. 538.)

APPEAL AND ERROR—EFFECT OF DECISION ON PARTIES NOT APPEALING.—
Where there were seven interests involved when the attorney's fees were fixed and only three appealed, decision that decree as to appellants is reversed, but that parties not appealing are bound, means that the parties not appealing are bound for four-sevenths of fee as formerly fixed, and not for the whole fee.

Before SHIPP, J., Union, Fall term, 1917. Reversed.

In the matter of the final settlement and discharge of William Coleman and another, executors of Anne E. Rice,

deceased. From decree of probate Court adjudging that
Wallace & Barron and George S. Mower, petitioning for
attorney's fees, were entitled to only four-sevenths of their
fee, they appeal to the Circuit Court, which allowed the
entire fee, whereupon the executors and owners of four-
sevenths interest in estate appeal.

*Mr. John Gary Evans,* for appellants, submits: *That the
whole question turns upon the construction placed upon the
decision of the Court in Ex parte Coleman, 106 S. C. 542,
by the Circuit Court, and we respectfully ask that Court to
review that decision. The probate Court has no authority,
under the Constitution, to render a judgment against the
estate in favor of attorneys claiming a fee:* 65 S. C. 318.
*The Circuit Judge had no authority to order the executors to
pay attorneys' fees. The case should have been remanded
to the probate Court for further proceedings, and a judg-
ment against the estate was without authority:* 33 S. C. 442;
73 S. C. 368; 4 S. C. 37. *The decision in Shell v. Young,
32 S. C. 472, cited by the Court in 106 S. C. 541, has no
bearing upon the issue here.*

*Messrs. Wallace & Barron,* for respondents, submit:
*Parties not appealing are not entitled to modifications of
the Circuit decree upon exceptions taken by other parties to
the cause:* 32 S. C. 512. *Inasmuch as the executors and the
four-sevenths interest did not appeal from the decree of
Judge Smith, this decree as to them must be regarded as a
fixed judgment:* 40 S. C. 189-190; 106 S. C. 540; 2 Ency.
Pl. & Pr. 157; 32 S. C. 472.

March 18, 1919.

The opinion of the Court was delivered by Mr. Justice
Watts.

The sole question raised by the appeal turns upon the
construction to be placed upon the decision of this Court in
the former appeal in this case reported in 106 S. C. 534, 91

S. E. 861. An examination of the records discloses that there were seven interests involved when the fees were fixed, and three interests appealed. Four did not appeal. The Court sustained the contention of appellants when the case was remanded. The probate Judge allowed the attorneys four-sevenths of their fee. An appeal was taken from this order, and his Honor, Judge Shipp, allowed the whole fee, as claimed, and required the appellants to be bound for what this Court had allowed the appellants in the former appeal, on the ground that no appeal had been taken by them, and that they could derive no benefit from the decision.

The Court, in the former opinion, held that the executors had no right to employ so many attorneys, the same not being necessary, but, inasmuch as no one appealed, except the appellants, the decree as to them was reversed, but that the parties not appealing were bound. This means they are bound for their proportionate part of the fee, as formerly fixed, and not the whole as fixed. That had they appealed, the decree would have been reversed as to them, as well as the appellants. The probate Court properly construed the intention and decision of this Court. The exceptions are sustained, and judgment of Circuit Court reversed, and judgment of the probate Court affirmed and made the judgment.

Reversed.

Messrs. Justices Hydrick, Fraser and Gage concur.

Mr. Chief Justice Gary did not sit.